IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABIGAIL BUSTOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | **JURY DEMANDED** |

## DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Home Depot"), who files this its Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1. Home Depot is the Defendant in a civil action pending in the 11th Judicial District Court of Harris County, Texas, entitled *Abigail Bustos vs. Home Depot U.S.A., Inc.*; Cause No. 2013-27008 (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as Exhibit "A," and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. § 1446(a).

2. The State Court Action was filed on May 7, 2013. Home Depot filed its Original Answer to Plaintiff's Original Petition on August 9, 2013. The Plaintiff's Original Petition (the "Petition") alleged that as Plaintiff was walking in a Home Depot store on June 21, 2011, an employee of the store was moving a hydraulic ladder lift and ran directly in to Plaintiff. The Petition further alleged that as a result of the incident, Plaintiff sustained unspecified injuries for which she sought damages in the form of pain and suffering, mental anguish, medical expenses and

lost wages. However, the Petition was not specific as to the type of injury sustained; it did not specify an amount of lost wages or medical expenses or the amount of total damages sought, it did not make any mention of the type of medical treatment received for the alleged injury, it did not contain any specifics on the nature or extent of impairment, and did not give any specific description of alleged injury. The allegations were of the most general variety, thus providing no basis upon which Defendant could determine if the amount in controversy in this case exceeded $75,000.

3.    On September 4, 2013, Plaintiff's counsel served upon Home Depot's counsel Plaintiff's First Amended Original Petition, which stated for the first time that Plaintiff is seeking monetary relief over $150,000.  A true and correct copy of Plaintiff's First Amended Petition has been attached as Exhibit "B-7."  Prior to September 4, 2013, Plaintiff had not served Home Depot with any amended pleading, motion, order, or other paper from which it could be ascertained that Plaintiff was seeking to recover damages in excess of the minimum jurisdictional limits of the Court.  Accordingly, this notice is timely filed within thirty (30) days of Home Depot's receipt of first notice that this Court has jurisdiction over the subject matter of this case as required by 28 U.S.C. § 1446(b).

4.    Plaintiff Abigail Bustos is and was at the time of filing of the State Court Action a citizen of the State of Arizona.

5.    Home Depot is and was at the time of filing of the State Court Action a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Home Depot is and was, therefore, a citizen of the State of Delaware and Georgia.

6.    Consequently, the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that

Plaintiff, on the one hand, and Home Depot, on the other hand, are now, and were at the time the State Court Action commenced, diverse in citizenship from each other.

7. The amount in controversy in the State Court Action is in excess of $75,000.00, exclusive of interests and costs. Accordingly, the State Court Action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332, as it is a civil action wholly between citizens of different states, and, the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

8. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district embracing the place where the State Court Action is pending.

9. Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Harris County, Texas, where the action was previously pending.

10. **<u>Jury Demand</u>** – Home Depot hereby requests a jury trial on all issues and claims in this cause.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case styled *Abigail Bustos vs. Home Depot U.S.A., Inc.*; Cause No. 2013-27008, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

By: /s/ Arthur K. Smith
    Arthur K. Smith
    State Bar No. 18534100
    SDOT Bar No. 2705

    LAW OFFICES OF ARTHUR K. SMITH,
    a Professional Corporation
    507 Prestige Circle
    Allen, Texas 75002
    Telephone: (469) 519-2500
    Facsimile: (469) 519-2555

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 18th day of September, 2013, a copy of the foregoing pleading was forwarded via certified mail, return receipt requested, to Plaintiff's counsel of record.

/s/ Arthur K. Smith
Arthur K. Smith

158913.555\NOR